**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **MARK JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.** |
| | ) | |
| **RAINTREE CONSULTING, LLC and WILLIAM KEITH LINDSEY,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1. Plaintiff, Mark Johnson ("Johnson"), by counsel, brings this action against Defendants Raintree Consulting, LLC ("Raintree") and William Lindsey ("Lindsey") (together "Defendants"), for failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and for failure to pay regular wages in violation of the Indiana Wage Payment Statute I.C. § 22-2-5 *et seq.*

## PARTIES

2. Johnson is an individual who resides in Vigo County, Indiana. Defendants have employed Johnson within the three-year period preceding the filing of this Complaint. Johnson is an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Raintree is an Indiana domestic limited liability company with its primary business location in Knox County, Indiana. Raintree acted, directly or indirectly, in the interest of an employer with respect to Johnson. Raintree is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Lindsey is an owner, member, and/or officer of Raintree. In this capacity, Lindsey is involved in the day-to-day business operations of Raintree. Lindsey exercised operational control over Raintree and controlled significant business functions of Raintree. At all relevant times, Lindsey acted and had the responsibility to act on behalf of, and in the interests of Raintree in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Lindsey is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Johnson has asserted a claim arising under federal law. This Court has supplemental jurisdiction over Johnson's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Venue is appropriate in the Southern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

## COVERAGE

7. At all times hereinafter mentioned, Johnson was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

11. Defendants employed Johnson from approximately April 9, 2022 to January 28, 2024 when Johnson voluntarily resigned his employment with Defendants.

12. Defendants employed Johnson as a Home Based Case Worker.

13. At the beginning of his employments, Defendants paid Johnson on a commission only basis.

14. On or around September of 2022, Defendants began paying Johnson an annual salary of $38,000.00 plus commissions.

15. In both his salaried and commission only positions, Johnson regularly worked in excess of forty (40) hours in a single workweek.

16. In both his salaried and commission only positions, Defendants never paid Johnson the overtime premiums required under the FLSA.

17. In addition to his claim for unpaid overtime, Defendants did not pay Johnson his earned wages at all for multiple weeks during his employment with Defendants and/or did not pay Johnson.

18. Johnson was not exempt from the overtime and minimum wage provisions of the FLSA.

19. Johnson regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA. Specifically, Defendants have paid no overtime premium to Johnson for any of his overtime hours worked each week.

20. Defendants knew that Johnson regularly worked overtime hours.

21. Defendants' conduct in not paying Johnson overtime compensation at the rate required under the FLSA was willful and in bad faith.

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. Johnson hereby incorporates by reference paragraphs 1 – 21 of his Complaint.

23. During the relevant time period, Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by employing Johnson for workweeks longer than forty hours without compensating Johnson for his employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed. Defendants have acted willfully, or with reckless disregard, in failing to pay Johnson in accordance with the law.

24. During the relevant time period, Defendants have violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay Johnson the required minimum wage of $7.25 per hour for all hours worked. Defendants have acted willfully, or with reckless disregard, in failing to pay Johnson in accordance with the law.

## **COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.***

25. Johnson hereby incorporates by reference Paragraphs 1 – 24 of his Complaint.

26. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-5 *et. seq.* by failing to timely pay Johnson's wages.

27. Defendants' refusal to timely pay Johnson his earned wages was in bad faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mark Johnson demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid minimum wage and overtime compensation due to Johnson and for liquidated damages in an amount equal to the unpaid wages found due to Johnson;

b. An Order pursuant to I.C. §§ 22-2-5 *et. seq.* finding Defendants liable for unpaid earned wages due to Johnson, plus liquidated damages double in amount of the unpaid wages found due to Johnson;

b. An Order awarding Johnson his attorneys' fees and costs of this action; and

c. An Order granting such other and further relief as may be necessary and appropriate.

/s/ Robert J. Hunt
Robert J. Hunt, (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market Street, Ste 168

Indianapolis, Indiana 46280
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com

Attorney for Plaintiff